

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,629-01

**EX PARTE DEON EARL SMITH, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17627-A IN THE 253RD DISTRICT COURT FROM CHAMBERS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault by a jury, and subsequently entered into a punishment plea in exchange for a fifteen-year sentence. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to object to prosecutorial misconduct including the introduction of false

_____

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

or inadmissible evidence, the exclusion of jurors on the basis of race, ethnicity or sex, the failure to disclose exculpatory evidence, and the making of threats to prevent the testimony of witnesses. Applicant also alleges that trial counsel failed to adequately cross-examine the complainant, failed to challenge the State's motion *in limine*, failed to move to suppress DNA evidence, failed to investigate Applicant's mental health history, failed to call favorable witnesses, failed to present evidence that the complainant told a witness a month after the offense that the sex had been consensual, and failed to strike a juror who had been Applicant's high school coach, despite being advised by Applicant that he and the juror knew each other and did not get along.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish